# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| DARNELL WALL,<br><br>         *Plaintiff,*<br><br>v.<br><br>VIRGINIA UNIVERSITY OF LYNCHBURG, INC.,<br>RALPH REAVIS,<br><br>         *Defendants.* | CIVIL NO. 6:14cv00031<br><br><br>Memorandum Opinion<br><br><br><br>JUDGE NORMAN K. MOON |

  The parties represent that they have recently entered into a proposed settlement agreement with respect to Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter, "FLSA"). This matter is now before me on the parties' Joint Motion for Settlement Approval. For the following reasons, I will grant their motion.

## I. BACKGROUND

  On August 8, 2014, Plaintiff initiated this action, in which he alleges that Defendants Virginia University of Lynchburg ("VUL") and Dr. Ralph Reavis ("Dr. Reavis") (collectively, "Defendants") failed to pay him his full salary as well as significant overtime wages in violation of the FLSA. Subsequently, on March 3, 2015, the parties reached a written agreement settling all of Plaintiff's FLSA claims. The agreement was negotiated with the assistance of Magistrate Judge Robert S. Ballou, and both parties represent that the settlement is fair.

## II. STANDARD OF REVIEW

  Under the FLSA, there is a judicial prohibition against the unsupervised settlement of claims. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946). Accordingly, I am required to determine that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute

over FLSA provisions." *Poulin v. Gen. Dynamics Shares Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citation omitted). In making this determination, I must consider: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;" and finally, (5) "the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *Id.* (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 2094955, at *10 (E.D. Va. Sept. 28, 2009)).

### III. DISCUSSION

The parties have jointly filed a memorandum in support of their Motion for Settlement Approval, which exhaustively addresses the factors identified in *Poulin*. In considering those factors, I am most persuaded by the fact that Magistrate Judge Ballou oversaw and assisted the parties in negotiating their settlement. Given this, it is quite clear that the parties did not engage in "fraud or collusion" in reaching their agreement. Moreover, Plaintiff has received a fair settlement in relation to his potential recovery. In his original complaint, Plaintiff sought damages in the amount of $17,184.12. This amount consisted of $8,592.06 in unpaid minimum wage and overtime damages, as well as an equivalent amount in liquidated damages. Pursuant to the parties' settlement agreement, Plaintiff will receive $12,500. This represents the full amount of minimum wage and overtime damages and nearly half of the liquidated damages Plaintiff originally sought in his complaint. Had Plaintiff proceeded with this litigation, he risked recovering substantially less.[1] Accordingly, I find that the parties' settlement agreement "is a fair and reasonable resolution" of Plaintiff's claims arising under the FLSA. *Id.*

---

[1] In opposing Plaintiff's claims under the FLSA, Defendants took the position that Plaintiff was

## IV. Conclusion

For the foregoing reasons, I will grant the parties' Motion for Settlement Approval (docket no. 51). An appropriate order follows.

ENTER: This  27th  day of March, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

an "exempt" worker under 29 C.F.R. § 541.303. They therefore argued that "the most [P]laintiff would be entitled to would be contractual damages, not damages under the FLSA." Had Defendants been successful in asserting this position, Plaintiff would have recovered only $4,789.03, which is $7,710.97 less than what he is set to receive under the parties' agreement.